# United States District Court
## Northern District of Indiana
## Hammond Division

| | | |
|---|---|---|
| DUANE BRICKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-CV-58  JVB |
| | ) | |
| BRADFORD-SCOTT DATA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

### A.     Background

Plaintiff Duane Brickel worked for Defendant Bradford-Scott Data Corporation for about

ten years and ended his employment with Defendant in December of 2008. Plaintiff was

employed as a computer technician and performed field service during which time he either used

his own car, or sometimes a rental car, but did not use a commercial vehicle which weighed over

10,000 pounds.[1] Plaintiff brought his action on behalf of himself and others similarly situated

under the Fair Labor Standards Act (FLSA), alleging that the Defendant failed to pay them

overtime for a period of approximately three years.

Plaintiff filed a Motion to Certify Collective Action on July 22, 2009. In support of his

motion, Plaintiff filed the Affidavit of Duane Brickel and Defendant's Answers to Plaintiff's

---

[1] Plaintiff states in his Amended Complaint that neither he nor any potential plaintiffs operated commercial vehicles over 10,000 pounds, and "thus Plaintiff and the class of similarly situated individuals were not operating as a 'private motor carrier' pursuant to 49 U.S.C. § 13102(15), *et seq*. The FLSA's Motor Carrier Act exemption did not apply after August 10, 2005."

First Set of Interrogatories, and Request for Production of Documents and Things. In his affidavit, Plaintiff stated that he "was employed as a computer technician on the 'hardware' side and performed repairs in the field," and during the last three years of his employment with Defendant, there were between five and ten people doing his same job. (Affidavit of Duane Brickel, ¶ 2). He further stated that neither he nor the other computer field technicians received overtime pay. (Affidavit of Duane Brickel, ¶ 3). In Defendant's Answers to Plaintiff's First Set of Interrogatories, Defendant provided a list of four names of individuals that worked for Defendant in a position similar to Plaintiff since July 8, 2006.

B.    **Analysis**

The FLSA mandates that employers shall pay their employees overtime for time worked exceeding a certain number of hours. Under 29 U.S.C. § 216(b), an aggrieved employee may bring an action for unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated," known as a collective action. *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004).

A collective action under 29 U.S.C. § 216(b) is different than a class action under Federal Rule of Civil Procedure 23. The strict class certification requirements of Federal Rule of Civil Procedure 23, such as numerosity, typicality, commonality, and representativeness, do not apply to FLSA collective actions. Furthermore, a class action requires class members to opt-out of the action if they do not wish to participate, while a collective action requires that similarly situated employees opt-in to the action if they wish to participate. *Harkins* 385 F.3d at 1101.

Section 216(b) of the FLSA contains no definition of the term "similarly situated," nor

does it provide any guidance to courts on when to certify a collective action, thereby authorizing notice to potential plaintiffs. However, district courts have developed a two-step analysis for certifying a collective action. First, the plaintiff must make a "modest factual showing at the outset of the case that they and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law." *Ashley v. Lake County*, 2007 WL 1549926, at *2 (N.D. Ind. 2007) (citations omitted). Once the plaintiffs have made this modest factual showing, notice and the opportunity to opt-in to the action can be sent to the employees who are similarly situated to the named plaintiffs, and the action then proceeds through discovery as a collective action. *Ashley*, 2007 WL 1549926, at *2 (citations omitted).

The second step of the analysis, occurring at the close of discovery, allows the defendant to move to dismiss the plaintiffs who have opted-in, in light of evidence gathered during discovery. *Ashley*, 2007 WL 1549926, at *2 (citations omitted). At this point, the Court need only address the first step in the analysis.

The Court finds that Plaintiff has made a modest factual showing that there are similarly situated employees who also may not have received overtime compensation. Plaintiff's affidavit states that there were between five and ten employees that worked in the same position as Plaintiff who also did not receive overtime compensation. In addition, Plaintiff obtained through discovery a list of four names of employees who were employed in a similar position to Plaintiff. This satisfies Plaintiff's minimal burden of making a modest factual showing of similarly situated employees. These employees may proceed against Defendant in a collective action suit, if they so choose.

Accordingly, the Court GRANTS Plaintiff's Motion to Certify Collective Action [DE 21]

as to those computer technicians that performed field service during which time they used either their own cars, or sometimes rental cars, but did not use commercial vehicles weighing over 10,000 pounds. The case is referred to Magistrate Judge Cosbey for all pre-trial matters.

SO ORDERED on January 11, 2010.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE